Parsons, C. J.
The defendant has, by a writ of certiorari, removed the proceedings of a justice of the peace, by which the defendant was found guilty of neglect of military duty in not attending a muster on the 5th of May, 1807, as a private in a company of foot commanded by Captain Arnold, belonging to Colonel Williams’s regiment.
As the defence was chiefly a matter of law arising on the facts in the case, the justice has stated those facts in his proceedings, and the evidence given to support them. The defendant insisted, before the justice, that he was, at the time of the muster, a private duly enlisted and enrolled in Captain Danforth’s company of artillery in Norton, and, in fact, doing duty in that company on the day of the muster, which duty if he had neglected, he would have been liable to a fine. To make out his defence, it was proved that he lived in Norton, having in 1806 been enrolled in Captain Arnold’s company of foot, then commanded by Captain Hodges; that in the same year, he resided for six months in Boston, during which time he was struck off the roll; that while in Boston, he enlisted and was enrolled in the said company of artillery, from which he had never been discharged.
To this defence it was objected that his enlistment into the artilery company, while he resided in Boston, was illegal and void ; also that Captain Arnold’s company of foot, to which he had belonged, was reduced below sixty-four effective privates, and the enlistment was for this reason void. There were some other exceptions taken by the defendant to the justice’s proceedings, which it is not necessary to notice.
These objections to the defendant’s defence we have taken a little time to consider, and shall now give our opinion.
By the thirteenth section of the statute of 1793, c. 14, every artillery company shall be formed from volunteers from * the brigade; and if the defendant, at the time of his [ *557 ] enlistment, belonged to that brigade, he might unite himself to that company. Now, he lived at Norton, within the limits of the brigade, but had absented himself from that town, and resided in Boston six months; after w'hich he again returned to Norton. On these facts he must be considered as always belonging to that brigade, his absence being temporary, without any intention ot changing his domicile, and his home during his absence being in Norton. We are therefore satisfied that this objection is not sufficient to impeach his enlistment into the artillery company, (a)
It is said that during his absence he was struck off the roll of the foot company ; but he is not answerable for the conduct of the cap *488 tain. His temporary absence on lawful business might lawfully excuse him from doing duty in the company during such absence, but his name might still have remained on the roll. If, in fact, when the captain of the artillery company had enlisted him, he did not belong to the brigade,— whether the enlistment would have been void, or whether the captain enlisting him would have been answerable for a breach of military duty, will be considered in noticing the second objection.
By the fifteenth section of the statute before cited, no officer of any corps of artillery shall enlist any men belonging to a standing company, for the purpose of forming or recruiting such corps, when, by means thereof, such standing company would be reduced to a less number than sixty-four effective privates. And the commanding officer of such corps shall, in April annually, deliver to the com manding officer of the regiment a list of the names of all the men belonging to his corps.
Now, the second objection is, that Captain Hodges had struck off the roll of his company the names of a number of privates, whom he judged unfit for duty ; by the enlistment of the defendant, that company either was reduced below sixty-four effective privates, or did not then consist of that number ; and therefore the enlistment is void.
The correctness of the justice’s opinion as to the fact is disputed by the defendant; but admitting the correctness of it, we are satisfied that he was mistaken in his inference [ * 558 ] * that the enlistment was void. The privates of the standing companies do not keep the rolls, nor can they be presumed to be conusant of the number of men respectively borne on them. They apply to the commanding officer of a regular voluntary corps to enlist; he enlists them, and enrolls their names as belonging to his corps. The men are then obliged to do duty in that corps ; they are liable to a penalty for neglect, and they cannot avoid the penalty by denying the legality of their own enlistment. If the commanding officer of the corps had acted illegally in enlisting the men, he is answerable in a court martial; and the captain of the standing company may apply to the brigadier-general, who will restore to him his men improperly enlisted by discharging them from the voluntary corps. (1) And if the voluntary corps, in which a private may enlist, should not be within the brigade, it is much more reasonable to charge the officer irregularly enlisting him, and to obtain a discharge of the private by the orders of the brigadier, than to subject the private to a double penalty, or to a lawsuit to determine the limits or extent of a brigade.
*489 In the case at bar, if the justice’s opinion of the law was correct, the defendant must pay a fine for not doing duty in a foot company, when he, in fact was doing duty, in a corps of artillery, which he could not avoid without incurring a penalty for his neglect.
For these reasons, we are satisfied that the conviction was wrong, and that the proceedings must be quashed.
We observe that the justice has made a statement of the facts in the form of exceptions made by the defendant. This is not the regular method. On the hearing of these militia causes, the justice is not obliged to receive a special plea, or to file exceptions; but it is very proper, when the defence is matter of law, for him to state the facts. And he may conveniently do it in this form. That on hearing the parties the following facts were proved or admitted, stating them — then he may proceed to convict or acquit the defendant, according to his own opinion of the law and evidence.

Proceedings quashed.

 [Abington vs. Boston, ante, 315. — Ed.]

 Vide Stat. 1799, c. 73, § 2.