Dewey, J.
Several exceptions have been taken to the proceedings and adjudication of the justice; but the only one which seemed to be much relied on in the argument, or which we think *223 ■material to the decision of the cause, is, that the respondent did not, at the time of the supposed delinquency, belong to the com pony of infantry, as alleged in the complaint; but had before that time enlisted in a volunteer company of light infantry, which had been recently formed. And if such is the legal inference from the facts stated in the return of the certiorari, the proceedings before the justice must be set aside.
* It appears that an order was issued by the governor [ * 240 J and council, on the 26th of February, 1814, authorizing
the formation of a light infantry company by enlistment from the regiment at large, with the usual proviso, conformable to the statute, “ that none of the standing companies in the regiment be reduced thereby to a less number than sixty-four privates.” This order issued on the petition of the respondent and divers others, who had associated for that purpose, and who afterwards, in pursuance of orders from the proper military authority, met together and elected their officers; and the officers of the company so elected were commissioned by the governor on the 25th of April; and on the 2d of May, the day next preceding the alleged default of the respondent, they took the oaths required by law to qualify them for office.
From these facts it is very clear that a light infantry company had been duly formed and organized, and that the respondent belonged to that, company; unless it can be considered that the proviso contained in the order of the governor and council made it conditional, and that the condition had not been complied with.
In support of the proceedings before the justice, it is said that the infantry company, to which the respondent belonged, did not, at the time when the volunteer company was formed, contain the requisite number of sixty-four privates; and that, for that reason, the enlistment of the defendant was illegal and void.
But it is by no means clear that the company did not, at the time referred to, contain, by legal estimation, the requisite number of men. By the last official return, it appears that it exceeded sixty-four. And this is perhaps usually the best evidence of the number of men belonging to a militia company which the nature of the case admits.
It is further stated, however, that many of those whose names were borne on the roll were absent, and that some had removed out of the limits of the company; so that the number then actually resident within the company was less than sixty-four.
* It is extremely difficult, if not impracticable, for a [ * 241 ] court of justice to determine the number of men liable
to do duty in a company of militia, in any other way than by the *224 rolls and the official returns. But whether the return is to be conclusive evidence in this case, we do not think it necessary to determine ; as we are fully satisfied, on another ground, that the adjudication of the justice was incorrect.
By the 16th section of the militia act, (1) no company of cavalry, light infantry, &c., shall be raised at large, when any of the standing companies will thereby be reduced to a less number than sixty four privates; and no officer of cavalry, light .infantry, &c., shall enlist any men belonging to a standing company, when it will be thereby reduced below that number.
A similar provision was contained in the late militia act, (2) which received a judicial construction in the case of The Commonwealth vs. Walker. (3) In that case it was said by the Court, “ The privates of the companies do not keep the rolls, nor can they be presumed to be conusant of the number of men respectively borne on them. They apply to the commanding officer of a regular voluntary corps to enlist; he enlists them, and enrolls their names as belonging to his corps; the men are then obliged to do duty in that corps, and are liable to a penalty for neglect. If the commanding officer of the corps acted illegally in enlisting them, he is answerable in a court-martial.”
The decision in the case cited establishes the position that the enlistment of a private into a volunteer corps, whether the company to which he had belonged had the requisite complement of men or not, is legal and valid; and that the person who so enlists is holden to do duty in the company into which he has thus voluntarily entered. And we think the principle equally applies to the case at bar. For although there was no commanding officer of the volunteer company, nor, indeed, any such company, at the time when the defendant and others first associated and petitioned for it, yet the order of the governor and council, and the [ * 242 ] subsequent * order for the election of their officers, who were duly commissioned by the commander-in-chief, effectually formed and organized those who composed it into a legal company; and all the privates who then belonged to it became duly enlisted by their voluntary act.
If, at any time in the progress of forming the volunteer corps, it was seen by the officers of any of the standing companies that their numbers were reduced below what the law requires, it was the duty of those officers to make proper representation of it to their superior officers, that the election of officers in the volunteer corps might be prevented, or their commissions withheld. The *225 provision contained in the sixteenth section of the militia act is directory to the militia officers, with regard to their duty in raising and enlisting men for the volunteer companies ; and it belongs to them, and not to the privates, to see that the regulation is duly executed.
On these grounds, we are clearly of opinion that the respondent, at the time of the alleged delinquency, belonged to the light infantry company, and was liable by law to do duty therein; and of consequence that he was not liable to the penalty adjudged against him for neglect of duty in the company of infantry which he had left. Let the proceedings be quashed, (a)

 Stat. 1809, c. 108.

 Slat. 1793, c. 14.

4B"> 4 Mass. Rep. 556.

 Commonwealth vs. Ware. 4 Mass. Rep. 556. —- Commonwealth vs. Smith, post, 456.