Wilde J.
The question in this case is, whether a temporary residence at a place where one is not domiciled, on a visit, or special business, will subject a man to do militia duty there, according to the true intendment of the 1st section of the act of Congress (2 Cong. 1 Sess. c. 33) for establishing a uniform militia throughout the United States.
By this section it is made the duty of the commanding officer of a company, from time to time, to enroll every citizen, not exempted from militia duty, “ who shall come to reside within his bounds.”
It is true, in a strict sense, a man may be said to come to reside at a place, where he comes intending to stay but for a short time, although he has no intention thereby to change his domicil. But the act must have a reasonable construction ? *201 and nothing can be more unreasonable than such a strict interpretation of the law. It cannot be easily believed, that it was the intention of Congress, that a traveller, or person absent from home on a visit to a friend or upon special business, should be held liable to do militia duty"wherever he may be found, and while he remains a member of a militia company at home. To require a man to lake with him his arms and equipments, when on a journey or visit, tvould be thought a singular exaction ; yet very little militia duty can be performed, to a beneficial purpose, without arms and equipments. Besides, every person duly enrolled is allowed six months to provide himself with arms and equipments ; which manifestly shows that the legislature never intended that any one should be liable to be enrolled in a place where he has only a temporary residence, and for a special purpose ; but that he should be considered as. belonging to the company where his domicil is, notwithstanding such absence. It is evident, that the Court, in the case of Commonwealth v. Walker, 4 Mass. Rep. 556, considered this to be the true construction of the act; and we have no doubt of it.
We are, therefore, of opinion, that the conviction was wrong, and that the proceedings must be quashed.[1]

 See Shattuck v. Maynard, 3 N. Hamp. R. 123.