## Benjamin A. Webber, Petitioner, &c.

A person subject to militia duty, living within the limits of one brigade, cannot law fully enlist in a volunteer company in another brigade.

WEBBER was fined by a justice of the peace for neglecting to muster in a standing company of militia in Bedford on the 3d of May, 1825 ; and now, upon his petition for a writ of *certiorari*, it appeared, that when he was enrolled and warned, he lived in Bedford, which is within the limits of the *second* brigade of the third division, and was justly fined, unless the following facts constitute a defence. Previously to the time of the notification, he had been enrolled in a company of artillery in Lexington, which is within the limits of the *first* brigade of the same division, and was doing duty in it. This company was raised as early as 1785, and the officers first commissioned were authorized by their commissions to command " the company of matrosses in the brigade in the county of Middlesex ; " there being then but one brigade in the county. As early as 1790, the militia of the county were formed into two brigades constituting the third division, and the tenor of the commissions was altered accordingly. For the last twenty-five years, at least, there have been some members of this company, who at the time lived within the limits of the second brigade, doing duty in this company, and no legal or official complaint had ever been made before the one in this case.

*Oct. 14th.*  Hoar, for the petitioner, cited *Commonwealth* v. *Walker,* 4 Mass. R. 556 ; *Commonwealth* v. *Clark*, 11 Mass. R. 239.

*Locke*, contrà, relied on *Commonwealth* v. *Cummings*, 16 Mass. R. 194.

*Oct. 17th.*  MORTON J. delivered the opinion of the Court. The only question in this case is, whether a person liable to perform militia duty in one brigade, can legally enlist in an artillery company belonging to another.

In the fourth section of the militia law of the United States (2 *Cong.* 1 *Sess. c.* 33) it is enacted, " that each company of artillery and troop of horse shall be formed of volunteers from the brigade." This provision is explicit, and if it be incon-

sistent with the statutes of this commonwealth, there can be no doubt which is paramount. But there is no such inconsistency. On the contrary, our statute not only adopts the principle, but extends it to all other voluntary corps, as well as to the artillery and cavalry. Upon it are founded many of the provisions relative to the organization and government of all companies raised by voluntary enlistment.

Unless enlistment into these companies be restricted to the limits of the brigade to which they belong, they can be subject to no restriction other than the bounds of the commonwealth.

Volunteer companies are in a measure placed under the immediate superintendence and direction of the brigadier general. By the section of the United States statute above cited, he is authorized to determine their uniform. By the 16th section of our militia law (*St.* 1809, *c.* 108,)[1] all companies raised at large and not annexed to any particular regiment, are subject to the orders of the commander of the brigade in which they have been raised. By the 15th article of the 34th section of the same statute,[2] the commander of the brigade is authorized, upon the application of the commanding officer of any volunteer company, to discharge any member thereof; who thereupon will be liable to be enrolled in the standing company within whose limits he may reside. The commander of the brigade may also discharge any person improperly enlisted in a volunteer corps, upon the application of the commanding officer of the standing company to which such person belonged. *Ex parte Gallup*, 1 Pick. 464

These principles were well considered by the Court in the case of *Commonwealth v. Cummings*, 16 Mass. R. 194. The doctrine laid down in that case is admitted to be decisive of the question under consideration; but it is said by the petitioner's counsel, to be inconsistent with the decision in the case of *Commonwealth* v. *Walker*, 4 Mass. R. 556; and we are therefore called upon to revise it.

Although some of the *dicta* or rather intimations of *Parsons* C. J., in delivering the opinion of the Court in *Commonwealth*

*266*

---

[1] See Revised Stat. *c.* 12, § 15, 16.     [2] Revised Stat. *c.* 12, § 19.

*v. Walker*, may not be easily reconciled with the principle established in *Commonwealth v. Cummings*, yet the decisions themselves do not clash.  In the former it was holden, that the enlistment of a private of a standing company of not more than sixty-four effective privates, into a voluntary corps, is not void, but exempts such private from duty in the standing company, until he shall be discharged by the brigadier general from the voluntary corps.  In the latter it was holden, that a member of a voluntary corps, by removing from the brigade to which it belongs, renders himself liable to enrolment in the standing company into which he may remove.  The reason of the former decision is, " that the privates of the standing companies do not keep the rolls, nor can they be presumed to be conusant of the number of men borne on them."  This does not apply to the latter case ; for privates, as well as officers, may be presumed to know the limits and extent of the brigade to which they belong, as well as of the regiment and company in which they perform military service.  We are therefore of opinion, not only that the latter case is founded upon the true construction of the several statutes on this subject, but that the two adjudications may well stand together.

The enlistment of the petitioner into the artillery company was illegal, and he incurred the penalty provided by law for his neglect to perform duty in the standing company within whose limits he resided.

*Petitioner took nothing  by his petition.*[1]

---

[1] A removal from the limits of one regiment into those of another within the same brigade, does not dissolve an enlistment of a soldier in a volunteer company of militia within the regiment from which he removed.  *Munyan v. Coburn*, 8 Pick. 431