The complainant then offered Temple as a witness to testify that he administered the oath in September, 1827, and that the certificate was made and signed by him at the time of administering the oath. But the evidence was rejected as incompetent ; and the justice adjudged that the certificate of the appointment and oath of office was informal and insufficient ; and that Watson was not guilty in manner &c.
And now, upon the complainant’s petition for a writ of certiorari to the justice, it was insisted by J. Davis and Allen, for the respondent, that the want of a date to the certificate was fatal; St. 1809, c. 108, § 8; Sherman v. Needham, 4 Pick. 66; Commonwealth v. Sherman, 5 Pick. 239; but it was resolved by the Court, that the captain should have been allowed to amend, and also that his testimony was admissible in regard to the time of making the certificate.
It was also objected, that the oath does not appear to have been administered by the captain ; but it was resolved, that this must be presumed. St. 1809, c. 108, § 8; Commonwealth v. Cummings, 16 Mass. R. 194.
It was further insisted, that the certificate should have set forth the oath which was administered, so that the Court might judge whether it was the oath required by law; Lancaster v. Pope, 1 Mass. R. 86; but it was resolved, that the certificate was sufficient in this respect.
Washburn, for the petitioner.

Certiorari awarded.

I

 See Revised Stat. c. 12, § 51, 112; Smithy Petitioner, 15 Pick. 446.