## James P. Stone vs. Calvin Osgood.

The temporary residence of a citizen, liable to do militia duty, in a town wherein he is not domiciled, merely for the purpose of attending school, does not subject him to enrolment in that town, or to the performance of militia duty therein.

This was a writ of error brought to reverse a judgment of the Municipal Court of the city of *Bangor*. The original action was brought by *Osgood* as clerk of a company of militia, to recover a fine for non-appearance at a company training. The question was whether *Stone* at the time, *May* 3, 1836, was or was not liable to militia duty in *Bangor*. From the facts proved at the trial, it appeared, that *Stone* was a native of *Salem, Massachusetts*, where his father still resides; that he came to *Bangor* in *June*, 1835, and attended to academical studies at the classical school there; that he became twenty-one years of age in *March*, 1836, and was enrolled as a private in the company on *April* 26, 1836, was warned the next day to attend the training, and that he did not attend. On the day

following the warning, the vacation at the school commenced, and *Stone* returned to *Salem,* and there spent the vacation, as was his usual custom, and at the commencement of the next term, returned to *Bangor,* and attended the school. His return was after the training, but before the expiration of twenty days after it, and no excuse was offered. There are two vacations in the classical school, of five and six weeks, one commencing in *April,* and the other in *August. Stone* had always resided with his father at *Salem* prior to his coming to *Bangor,* and came there by his father's direction, and was supported by his father at *Bangor,* spending the term time there, and the vacations at *Salem. Stone* offered his father as a witness, and proposed to prove by him, that he sent the son to *Bangor* to attend academical pursuits, and still considered his son's residence at *Salem,* and that the son was sent to *Bangor* for a temporary purpose only, to attend school, and that he still supports the son, and considers him under his care. This testimony was rejected, and judgment was rendered in favor of the Clerk.

The errors assigned, were, 1. Because the Judge rejected the testimony. 2. Because on the whole facts proved, judgment was rendered for the then plaintiff, when it should have been for the defendant.

The writ of error was argued in writing, by *Abbott & Wakefield,* for the plaintiff in error, and by *D. T. Jewett,* for the original plaintiff.

The counsel for *Stone* argued in support of these propositions.

1. The plaintiff in error had no legal residence within the bounds of the company of which the plaintiff was clerk, at the time he was enrolled therein. *U. S. Militia Act, May* 8, 1792, *sec.* 1 ; *Story's Conflict of Laws,* 42, *sec.* 44 ; 1 *Binney,* 351, *note ; Cutts* v. *Haskins,* 9 *Mass. R.* 43 ; *Granby* v. *Amherst,* 7 *Mass. R.* 1 ; *Turner* v. *Buckfield,* 3 *Greenl.* 229 ; *Knox* v. *Waldoborough,* 3 *Greenl.* 455 ; *Parsonsfield* v. *Kennebunkport,* 4 *Greenl.* 47 ; *Harvard College* v. *Gore,* 5 *Pick.* 370 ; *Commonwealth* v. *Walker,* 4 *Mass. R.* 556.

2. If the position is established, that the plaintiff in error had only a temporary residence in *Bangor,* he was not liable to be enrolled and to do military duty there. *Commonwealth* v. *Walker,* 4 *Mass. R.* 556 ; *Commonwealth* v. *Swan,* 1 *Pick.* 194 ; *Shattuck*

v. *Maynard*, 3 *N. H. Rep.* 123; *Commonwealth* v. *Douglass*, 17 *Mass. R.* 49.

3. There is no evidence of any enrolment of the plaintiff in error at any time or place, until the day previous to the warning; and no person is liable to perform militia duty until after he shall have been enrolled six months.

*D. T. Jewett*, for *Osgood*, contended that the *United States* militia law does not require a citizen to have a *legal residence*, a *settlement* in a place before he can be required to perform militia duty. Its words are "every citizen who shall reside," &c. "who shall come to reside," and hence it has always been held, that a laborer who comes to work but a few months in a place is liable to militia duty in the town where he so resides. *The cases cited for the plaintiff in error are principally pauper cases, and have here no application, and the others are predicated upon a state of facts entirely different from this.* This is the case of a man twenty-one years of age, coming to reside in *Bangor*, and the nature of his occupation, be it that of a student, or a laborer, can make no difference. And this was the understanding of our legislature. The militia acts of 1834, § 5, and of 1836, § 7, and of 1837, § 6, show the construction put on the *United States* law by the legislature of the State. The last act is merely declaratory of what was the fair construction of the other acts.

The fact, that after the warning *Stone* went to visit his friends, and was absent at the training, is mere matter of excuse, and that should have been made before the expiration of the twenty days. *Tribou* v. *Reynolds*, 1 *Greenl.* 408. The age of *Stone*, in the absence of all other testimony, is sufficient to authorize the conclusion, that he had once been enrolled six months previously, and that is all to which he was entitled. *Haynes* v. *Jenks*, 2 *Pick.* 172.

The opinion of the Court was by

WESTON C. J. — By the constitution of the *United States*, Congress has power to provide for organizing, arming and disciplining the militia. This power was exercised in *May*, 1792, and the act of Congress then passed, has been inserted in the general revision of the laws, in relation to the militia. In the first section,

Congress has determined, who shall be liable to do military duty, how and where they shall be enrolled, and with what arms and equipments, they shall be provided. And it makes provision further for the enrolment of every such citizen, who may, from time to time, come to reside within the bounds of any company, by the commanding officer thereof. This part of the statute has received, in *Massachusetts,* a judicial construction, both before and since our separation. And it has there been held, that the temporary absence of a citizen, liable to do military duty, from the place of his domicil, not only left his enrolment there in full force, but that he was not liable to enrolment in the place of his temporary residence. *Commonwealth* v. *Walker,* 4 *Mass. R.* 556; *Commonwealth* v. *Swan,* 1 *Pick.* 194. We refer to those cases, as giving, in our judgment, a just exposition of the law.

And we are of opinion, from the facts stated, that at the time of the delinquency charged, the domicil of the plaintiff in error was at *Salem;* and that his residence at *Bangor* was temporary only, at the time of his enrolment there. It results, that he is not liable to the fine sought to be recovered in this action.

*Judgment reversed.*