## ALBERT VALENTINE *vs.* OTIS TRUE.

The removal of a member of an independent company, beyond the limits of the brigade to which the company belongs, for a temporary purpose, does not subject him to the performance of militia duty in the place of such temporary residence.

THIS was a writ of error to reverse a judgment of a Justice of the Peace, in an action of debt, brought by *True*, as clerk of a company of militia in *Poland*, for the non-appearance of *Valentine* at a company training. The facts are given in the opinion of the Court. The judgment was, that *Valentine* should pay a fine and costs.

The errors assigned were — 1. That *Valentine* was a member of a light infantry company in *Westbrook*, and a sergeant and clerk thereof, and not liable to do militia duty in *Poland*. 2. That the evidence proved conclusively, that *Valentine* was an inhabitant of *Westbrook*, and was only absent therefrom for temporary purposes, and therefore he was not liable to enrolment, or to do duty, in the company of which *True* was clerk. 3. The general error.

*Codman*, for the plaintiff in error, contended : —

1. *Valentine* was not liable to do duty in the company of militia of which the original plaintiff was clerk, inasmuch as he was a regularly enlisted member of, and sergeant and clerk in, the light infantry company of *Westbrook*, in the same division of the militia of this State, but not in the same brigade. He cited *U. S. st.* 1792; *Com. v. Cummings*, 16 *Mass. R.* 194, and argued that the case was not in point, and had been overruled. *Com. v. Thaxter*, 11 *Mass. R.* 386; *Com. v. Walker*, 4 *Mass. R.* 556; *Com. v. Clark*, 11 *Mass. R.* 239; *Com. v. Swan*, 1 *Pick.* 194; *st.* 1834, § 19, § 6, § 44, *art.* 13, 14; *Gallup, ex parte*, 1 *Pick.* 463; *Webber, Pet.* 3 *Pick.* 265; *Munyan v. Coburn*, 8 *Pick.* 431, 2d *Ed. note; Cutter v. Tole*, 3 *Grecnl.* 42.

2. *Valentine* had not lost his residence in *Westbrook* and gained one in *Poland*, so far as to be liable to be enrolled in the standing company of militia in the latter town.

This involves two questions, one of law, and the other of fact.

In considering the question of law, it was said, that residence within the limits of a company, by one enrolled on the muster roll, is a material fact to be proved. *Whitman* v. *Sanborn*, 8 *Greenl.* 310 ; *Gould* v. *Hutchins*, 1 *Fairf.* 145. A person having a temporary residence, for a special purpose, at the place where he is not domiciled, is not liable to be enrolled in the militia. *Com.* v. *Swan*, 1 *Pick.* 194 ; *Hill* v. *Fuller*, 2 *Shepl.* 121 ; *Com.* v. *Walker*, before cited ; 7 *Greenl.* 501 ; *Lincoln* v. *Hapgood*, 11 *Mass. R.* 350 ; *Granby* v. *Amherst*, 7 *Mass. R.* 1 ; *Knox* v. *Waldoborough*, 3 *Greenl.* 455 ; *Hampden* v. *Fairfield*, *ib.* 436.

The plaintiff in error was entitled to six months, within which to equip himself, before being called upon to perform militia duty. *Haynes* v. *Jenks*, 2 *Pick.* 172.

*Dunn*, for the original plaintiff, contended, that the question arising under the first error, was settled in his favor by the case *Com.* v. *Cummings*, 16 *Mass. R.* 194. Moving out of the brigade is, in itself, leaving the light infantry company. *St.* 1834, § 19.

The testimony in the case does not show a temporary residence in *Poland*, but a permanent one. A man is liable to do militia duty only where he resides. The case shows he did not do duty in *Westbrook*, when called upon here ; and if it did, he has no right to elect where he will perform his militia service, but the place is fixed by law, where he resides. *Hill* v. *Fuller*, 2 *Shepl.* 121 ; *Haynes* v. *Jenks*, 2 *Pick.* 172.

The opinion of the Court was drawn up by

EMERY J. — If the plaintiff in error was liable to appear and do duty at the company training in *Poland* on the 11th day of *September*, A. D. 1838, as set forth in the writ, there is no error in the judgment of the justice, because it is admitted that *True*, the clerk, had, on his part, complied with the requisitions of law necessary to charge him. The ground on which the plaintiff in error expects exemption from the penalty, is his allegation, that during the whole of the year 1838, he was an acting member of a company of light infantry in *Westbrook*, in this county, and a sergeant and clerk therein, and an inhabitant of said *Westbrook*, having left there only for temporary purposes.

That light infantry company was organized in 1819, under an

order in Council of the *Commonwealth* of *Massachusetts*, of *February* 11th, 1819, and was to be raised within the limits of the regiment at *Westbrook*. This company was commanded by *Nathan Barker*, whose commission was dated 23d *May*, 1834.

The said *Valentine* was proved to be a sergeant and clerk of said company during the year 1838, and had not been discharged; had done duty in said *Barker's* company on four different times, during the season of that year, but was excused, by the captain, at the regular training and muster.

Said *Barker* testified, that on the 2d *January*, 1839, said *Valentine* was still an acting member of his company, and clerk of it, and that he considered him an inhabitant of *Westbrook;* his name was on the list of voters there at the annual election in *September*, 1838; he was an unmarried man; when he left *Westbrook*, he said he was going to *Poland*, but should return to *Westbrook* after residing a few months at *Poland;* and that by the defendant's brother in law he was told, that the original defendant had a chest at *Westbrook*, from which he took papers the *Saturday* previous.

The enlistment on which the defendant's name was entered, was in evidence, together with the warrant appointing him sergeant and clerk. The last time said *Valentine* did duty in said light infantry company, was on the 16th *August*, 1838; and *William Cox* testified, that said *Valentine* was an inhabitant of *Westbrook*, and had ever been, so far as he could judge from his acts and declarations.

Opposed to this evidence, was *Seth C. Lane*, who testified, that he knew the original defendant; that he lives at *Mechanics' Falls*, between *Poland* and *Minot;* that he keeps a store there, but whether as owner or clerk he did not know; that there were two names on the sign, but he did not know whether the defendant's was one of them, or not; that defendant came there about the 20th of *June*, 1838, as he said, and that he resided *about* three months in *Poland*, and then went over to *Minot*.

The magistrate, on this evidence, adjudged, that as the defendant had removed to a great distance from the limits within which the company of light infantry at *Westbrook* was raised, and out of the brigade, he could not be discharged from his liability to do military duty in *Poland*, on account of his enlistment in said light

infantry ; and that the defendant was *so far an inhabitant of Poland as to be liable to do military duty in that place.*

That there are no authorities giving color for the conclusion to which the magistrate arrived, would be far too strong to assert. The cases relied on by the counsel for the original plaintiff, may fairly be introduced by him, in the hope that they may sustain the decision.

But according to our judgment, the facts disclosed do not warrant that decision. The weight of the evidence is, that the original defendant was absent from *Westbrook* for a temporary purpose. The most decisive evidence of his holding himself a member of the light infantry in *Westbrook,* is his doing duty therein four times that season, and the last time on the 16th of *August,* 1838. He had not removed out of the division, even for a temporary purpose. In *Commonwealth v. Walker, 4 Mass. R. 556,* by *Parsons C. J.* it is said, that temporary absence, on lawful business, might lawfully excuse him from doing duty in the company during such absence, but his name might still have continued on the roll. And in the present instance, the defendant's name is on the enlistment, and so far from claiming to be excused, he continued to perform duty to the 16th *August,* 1838.

There is therefore a defect of evidence that *Valentine* left *Westbrook* without an intention of returning. He was not an inhabitant of *Poland,* liable to do military duty in that place. His being at *Poland* for a temporary purpose, was not such a removal out of the brigade as would subject him to the penalty for which judgment has been rendered against him.

*That judgment must therefore be reversed.*