## Inhabitants of Mendon *vs.* County Commissioners of Worcester.

If county commissioners have certified to this court their proceedings in a case before them in compliance with the command of a writ of *certiorari,* the facts certified by them are not traversable, nor is other evidence admissible to control or contradict them, or to show that the judgment or decree of the commissioners ought to be reversed.

If it appears from the whole record of the proceedings of county commissioners, as certified by them to this court, in compliance with the command of a writ of *certiorari,* that their decision of a question before them was founded upon a consideration of adequate and uncontradicted evidence, and was substantially correct, and worked no injustice to anybody, the proceedings will not be vacated, although the commissioners' view of the law as to the burden of proof was not expressed with technical accuracy.

In this case, upon the petition of the inhabitants of Mendon, a writ of *certiorari* was granted by this court, (2 Allen, 463,) commanding the county commissioners of Worcester to certify to this court their proceedings in approving and allowing a town way located by the selectmen of Mendon, after determining that the town had unreasonably neglected and refused to allow the same. At the former hearing, no answer had been filed; but before the writ was issued, it was agreed by counsel that an

answer might be filed, and that the case should be considered by the court as if the writ had issued, and the case had been heard upon the writ and answer.

The answer averred that due notice was given to the town and others interested, and due proceedings in other respects had, which were set out in detail; that the town did not appear, but two of the selectmen appeared, who stated that they were not authorized to appear for the town; that the commissioners viewed the route and examined two witnesses, whose testimony tended to show that it would be the shortest and most convenient route for travel from certain portions of Mendon to the neighboring towns; that at this stage of the proceedings the commissioners stated that they considered the burden of proof to be upon the town to show cause why the commissioners should not approve and allow the way, as located by the selectmen, and if no evidence was introduced in behalf of the town, and if the commissioners were not otherwise satisfied to the contrary, it would not be necessary for the petitioners to put in any further testimony; that the selectmen then said that they did not wish to call any witnesses; that no points or questions were reserved, or exceptions taken; and thereupon, the commissioners being unanimously of opinion, from the view of the route and the evidence introduced as aforesaid, that the town had unreasonably refused to approve and allow the way, and being of opinion that the burden of proof was upon the town to show cause why the same should not be allowed, proceeded to approve and allow the way.

The petitioners filed a replication, averring that the answer contained matters and things not required to be reported by the order of the court passed upon the hearing of the petition for the writ of *certiorari*, denying the facts set forth by the respondents, averring that the answer did not contain all the material facts necessary to the determination of the case, and praying that they might be heard upon the facts. But *Merrick*, J. disallowed the replication, ordered the petition to be dismissed, and reported the case for the determination of the whole court.

*P. C. Bacon*, for the petitioners. The town should have been

permitted to traverse the return, and show facts to controvert the facts stated in the answer, and also other facts affecting the case. The town might have shown that no sufficient notice was given, that the commissioners made other rulings which were erroneous, and did not properly try the question before them. But the record is defective, as it stands, in not showing that the commissioners determined that common convenience and necessity required the way, and that their adjudication was founded upon an erroneous view of the law. *Belchertown* v. *County Commissioners*, 11 Cush. 189. *Mendon* v. *County Commissioners*, 2 Allen, 463. The plaintiffs are entitled to a hearing as upon a writ of error, for error in fact. *Commonwealth* v. *Sheldon*, 3 Mass. 188. *Ex parte Weston*, 11 Mass. 418. And the court should not confine itself to the record, but should receive other evidence. *Adams, petitioner*, 4 Pick. 32. *New Salem, petitioners*, 6 Pick. 470. *Freetown* v. *County Commissioners*, 9 Pick. 50. *Cobb* v. *Lucas*, 15 Pick. 4. On such a hearing, the town might satisfy the court that justice required the proceedings to be quashed, or that the question had not been properly tried. *Baltimore Turnpike*, 5 Binn. 484. The selectmen were misled by the erroneous ruling.

*G. F. Hoar*, for the respondents.

BIGELOW, C. J. By the decision overruling the demurrer to the petition for a writ of *certiorari* in this case, as reported in 2 Allen, 463, the court did not intend to change in any essential degree the mode of proceeding or the practice in cases of this nature. At an early period in our judicial history, writs of *certiorari* were used to bring before this court the doings of inferior courts and magistrates, who were clothed with a peculiar jurisdiction not according to the course of the common law, as the only method of revising and correcting errors which might have occurred in the hearing or trial of cases before them. To effect this purpose, and to enable this court to make a proper application of the rules of law on which the rights of the parties depended, it was often necessary to ascertain the facts as they were made to appear before the tribunal exercising original jurisdiction. This was done by causing the magistrate or court

before whom the trial was had to certify to this court a state-
ment of the facts proved, so far as they were essential to a
determination of the questions of law which the aggrieved par-
ty desired to present for revision. *Commonwealth* v. *Walker,* 4
Mass. 556. By this means, the writ of *certiorari* was made an
efficient substitute for a bill of exceptions, or other mode of
revising the decision of an inferior tribunal in matters of law,
where no other method was provided. But the certificate of the
court or magistrate thus made was always deemed conclusive.
Parties were never permitted to traverse their returns, or to offer
evidence to control or contradict the record, for the purpose of
quashing the proceedings. This court has often received evidence
to support the record, by showing that substantial justice was
done in the matter, and that formal errors or defects in the pro-
ceedings did not essentially affect the rights of parties. But in
no instance, so far as we know, has a party ever been permitted
to prove facts *dehors* the record, or outside of those certified by
the court below, for the purpose of reversing the judgment or de-
cree, or correcting errors in the proceedings. On the contrary,
it was early said by Chief Justice Parsons that objections which
did not appear on the record certified could not be noticed by
the court. *Commonwealth* v. *Blue Hill Turnpike,* 5 Mass. 421.
This rule has been uniformly adhered to. No evidence *aliunde*
has ever been received to establish facts contradictory to the
record. *Rutland* v. *County Commissioners,* 20 Pick. 71. *Glea-
son* v. *Sloper,* 24 Pick. 184. None of the cases cited by the
petitioners' counsel sustains an opposite doctrine. In this re-
spect, a writ of *certiorari* in its application to cases of this na-
ture stands like a bill of exceptions, which, until the enactment
of *St.* 1851, *c.* 261, was always held to be conclusive on parties,
both as to the statement of the facts and the rulings of the court.
It seems to us that this rule is a very salutary one, and that it
would lead to great confusion and embarrassment if parties in
such cases were permitted to go into proof outside of the record
or return, for the purpose of showing that the proceedings were
erroneously or imperfectly stated therein. The rights of all per-
sons have a sufficient protection, in being intrusted to public

officers, clothed with important public duties, who are under oath for their faithful performance, and who cannot be supposed to have any interest or bias to misrepresent or suppress the actual facts, as they took place before them.

Upon looking into the return of the commissioners, it appears that their decision on the point complained of by the petitioners was substantially correct, and worked no injustice to any party. It was only equivalent to saying that they were satisfied by the view of the route of the proposed road, and by the testimony of the two witnesses who were examined before them, that the determination of the selectmen in laying out the way ought to be affirmed, unless the inhabitants of the town offered some evidence to control the case thus made. The use of the phrase " burden of proof" was inaccurate, as applied to the subject matter; but it is clear that it was not intended to be understood in its technical sense. The error, if any, was a purely theoretical one, and caused no injury to the petitioners. *Morgan* v *Morse*, 13 Gray, 150.

On the whole case, we are of opinion that the proceedings before the commissioners were regular and valid, and that no good reason is shown for vacating them, or for remitting the case to a new hearing. *Proceedings adjudged good*