CHARLES FRENCH, individually and as trustee, *vs.* KAJ VANDKJAER & others. August 24, 1982. The plaintiff (landlord) has been granted a preliminary injunction by a judge of the Superior Court enjoining the defendant tenants and their association from withholding the base rental payments (the monthly rent prior to certain increases authorized by the local rent control board) and to pay over to the landlord other rent money held in escrow. The tenants have appealed. See G. L. c. 231, § 118, second par., as appearing in St. 1977, c. 405. Before us are the injunction and the various affidavits which were before the trial judge. The record indicates no testimony was heard. Factual assertions and representations of counsel which are not contained in the affidavits have no force.

We take a fresh look at the affidavits, but, "in assessing whether a judge erred in granting or denying a request for preliminary injunctive relief, we must look to the same factors properly considered by the judge in the first instance." *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 615-616 (1980). Where, as here, an "order was predicated solely on documentary evidence we may draw our own conclusions from the record." *Id.* at 616. See also *Edwin R. Sage Co.* v. *Foley*, 12 Mass. App. Ct. 20, 26 (1981).

We are unable to conclude on this record that the judge abused his discretion or committed an error of law. The judge could infer reasonably and fairly from the affidavits and documentary materials before him that, in order to maintain the status quo and avoid irreparable harm to the plaintiff, injunctive relief was necessary and appropriate in the instant circumstances.

*Order granting preliminary*
*injunction affirmed.*

*Jeffrey Petrucelly* (*Marc Lauritsen* with him) for the defendants.
*Anne M. Thomas* for the plaintiff.