NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-503

TONY B. GASKINS & others[1]

vs.

CAROL MICI[2] & others.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants, officials of the Department of Correction (DOC) or the Massachusetts Correctional Institution at Concord (MCI-Concord), appeal pursuant to G. L. c. 231, § 118, second par., from the issuance by a Superior Court judge of a preliminary injunction ordering them to immediately release into the general prison population all inmates held in a Behavior

---

[1] Donald Williams and David Yarde.

[2] Individually and as the former Commissioner of the Massachusetts Department of Correction.

[3] Dean Gray, individually and as the Superintendent of the Massachusetts Correctional Institution at Concord (MCI-Concord), and Patrice Hollomon, individually and as the Deputy Superintendent of Reentry at MCI-Concord.

Assessment Unit (BAU) for more than ninety days without a hearing.[4]  We conclude that the Superior Court judge abused her discretion in issuing the preliminary injunction.  Accordingly, we reverse the orders issuing the preliminary injunction and denying the defendants' motion to reconsider its issuance.

Background.  The plaintiffs, inmates who were then confined in the BAU at MCI-Concord, filed a Superior Court complaint alleging that the defendants imposed conditions of confinement in the BAU that violated the plaintiffs' constitutional and statutory rights.  The allegations included that the defendants violated G. L. c. 127, § 39 (b), as amended by the Criminal Justice Reform Act, St. 2018, c. 69, § 93, and failed to provide the plaintiffs with hearings afforded by LaChance v. Commissioner of Correction, 463 Mass. 767, 777 (2012), S.C., 475 Mass. 757 (2016).  The plaintiffs sought declaratory relief for themselves and "similarly situated prisoners" as well as money damages.

The plaintiffs moved for a preliminary injunction, arguing that BAU conditions posed a hardship to themselves "and those similarly situated."  After a hearing, a Superior Court judge issued a preliminary injunction ordering:

---

[4] We acknowledge the amicus brief filed in support of the plaintiffs by Prisoners' Legal Services of Massachusetts.

2

"After Hearing: ALLOWED. All plaintiffs held more than 90 days total in segregation without a hearing shall be released from (BAU) segregation on this date, 2-6-24. This includes the Behavioral Adjustment [sic] Unit and any other unit that segregates inmates. All General population privileges and Rights shall be Restored to those inmates on this date. And until further order of this court. This order applies to the Behavioral Assessment Unit."

The defendants filed an emergency motion to stay the preliminary injunction, also seeking reconsideration and clarification whether it applied to units other than the BAU. The judge denied the motion, stating that she issued a "very clear order to immediately RELEASE all inmates (including named plaintiffs) who have been held for more than a total of 90 days without a hearing from the BAU, or other solitary confinement (no matter the name of it)."

On appeal to a single justice of this court, the defendants moved to stay the preliminary injunction pursuant to Mass. R. A. P. 6 (a), as appearing in 494 Mass. 1601 (2024). After a hearing, the single justice stayed the injunction pending this appeal. The single justice concluded that the judge "issued a flawed preliminary injunction without adequate factual support in the affidavits before her." Even so, the single justice noted that "[w]ith future factual submissions or an evidentiary

3

hearing, a properly crafted preliminary injunction may well be proper."[5]

Now before us is the defendants' appeal from the Superior Court judge's orders issuing the preliminary injunction and denying the motion for reconsideration.

Discussion. We begin by noting that MCI-Concord is now closed. St. 2024, c. 140, § 193. Because the plaintiffs are no longer confined in the BAU there, this litigation may very well be moot. See Pidge v. Superintendent, Mass. Correctional Inst., Cedar Junction, 32 Mass. App. Ct. 14, 19-20 (1992) (after plaintiff released from segregated unit into general prison population, claim for declaratory relief moot). The plaintiffs assert that appellate review is nevertheless appropriate because the issue is of public importance and very likely to arise again in similar factual circumstances. See DiMasi v. Secretary of the Commonwealth, 491 Mass. 186, 190 (2023). Assuming, without deciding, that the issues before us are not moot, we consider them.

We review for an abuse of discretion the judge's grant of the preliminary injunction. See Boston Firefighters Union, Local 718, Int'l Assoc. of Fire Fighters, AFL-CIO v. Boston, 491

---

[5] Although the plaintiffs filed a second motion for a preliminary injunction, the motion was denied by a different Superior Court judge and that order is not before us on appeal.

4

Mass. 556, 561-562 (2023) (Boston Firefighters).  See also

Fordyce v. Hanover, 457 Mass. 248, 256 (2010) (where single

justice vacated preliminary injunction under G. L. c. 231,

§ 118, appellate court reviews for whether motion judge abused

discretion in issuing it).  In making this determination, we

consider "whether the judge applied proper legal standards and

whether there was reasonable support for [her] evaluation of

factual questions."  Boston Firefighters, supra at 562, quoting

Fordyce, supra.  An abuse of discretion occurs when a judge has

made a clear error of judgment in weighing factors relevant to a

decision "such that the decision falls outside the range of

reasonable alternatives."  L.L. v. Commonwealth, 470 Mass. 169,

185 n.27 (2014).

A party seeking a preliminary injunction must show the

following:

> "first, that success is likely on the merits; second, that
> if the injunction is denied, the moving party faces a
> substantial risk of irreparable harm; and third, that this
> risk of irreparable harm, considered in light of the moving
> party's chances of prevailing on the merits, outweighs the
> nonmoving party's probable harm."

Foster v. Commissioner of Correction, 488 Mass. 643, 650 (2021)

(Foster II).  "Where a party seeks to enjoin government action,

the judge also must determine that the requested order promotes

the public interest, or, alternatively, that the equitable

5

relief will not adversely affect the public" (citation omitted). Id.

1.  Plaintiffs' likelihood of success.  The defendants argue that the judge abused her discretion in finding that the plaintiffs demonstrated a likelihood of success on the merits of their complaint.

The plaintiffs have presented two serious issues concerning conditions in the BAU.  First, the plaintiffs alleged violations of their rights pursuant to G. L. c. 127, § 39 (b).  Under that statute, inmates confined to "restrictive housing" have certain rights to visitation, canteen purchases, access to reading and writing materials, and access to radio or television.  G. L. c. 127, § 39 (b) (iii)-(v), (viii).  The plaintiffs assert that the defendants evaded the requirements of G. L. c. 127, § 39 (b), by simply renaming a restrictive housing unit the "BAU."  We are not persuaded.

Restrictive housing is defined as housing where an inmate "is confined to a cell for more than 22 hours per day."  G. L. c. 127, § 1.  Nowhere in the plaintiffs' verified complaint or affidavits in support of the preliminary injunction was there an averment that they were confined in their cells for more than twenty-two hours per day.  Indeed, the plaintiffs stated in their motion and during the motion hearing that they were allowed out of their cells for two hours per day.  The

defendants presented a DOC policy, 103 DOC § 427.06.H (2023), and an affidavit of a DOC official, both stating that inmates confined to the BAU had at a minimum three hours outside their cells every day.

Nothing in the judge's handwritten orders indicates whether the judge made any findings on the issue whether the BAUs fall within the statutory definition of "restrictive housing," G. L. c. 127, §§ 1, 39 (b).  "A preliminary injunction is usually based upon affidavits."  Alexander & Alexander, Inc. v. Danahy, 21 Mass. App. Ct. 488, 493 (1986).  Generally, where facts are contested, "[f]actual assertions and representations of counsel which are not contained in the affidavits have no force." French v. Vandkjaer, 14 Mass. App. Ct. 980, 981 (1982).  Cf. Massachusetts Bay Transp. Auth. Advisory Bd. v. Massachusetts Bay Transp. Auth., 382 Mass. 569, 572 (1981) (representations of counsel may be relied on to establish undisputed facts). Accordingly, this issue required more factual exploration, from both parties, before it could serve as the basis for a preliminary injunction.

Second, the plaintiffs alleged violations of their rights to LaChance hearings.  In LaChance, DOC officials held LaChance in a special management unit, under conditions substantially more restrictive than those alleged here, for more than ten months without a hearing while on "awaiting action" status.  463

Mass. at 769-771 & n.5. The court held that the conditions of LaChance's confinement, as compared to ordinary prison circumstances, constituted an "atypical and significant hardship" triggering LaChance's rights to procedural safeguards. Id. at 774, quoting Sandin v. Conner, 515 U.S. 472, 484 (1995). Those included a right to notice of the basis of confinement to administrative segregation, a hearing at which the inmate could contest that basis, and a posthearing written notice explaining DOC's classification decision. LaChance, supra at 776-777. The court concluded that "in no circumstances may an inmate be held in segregated confinement on awaiting action status for longer than ninety days without [such] a hearing." Id. at 777. See also Cantell v. Commissioner of Correction, 475 Mass. 745, 752 (2016).

We agree with the single justice that the plaintiffs made a showing that the conditions in the BAU imposed on them an "atypical and significant hardship" triggering the due process protections provided by LaChance. At the very least, the plaintiffs demonstrated that, contrary to LaChance, the defendants did not provide the plaintiffs with the opportunity to appear in person at the hearings concerning their placement in the BAU. See 103 DOC § 427.02.B.2, 6 (2023) (inmates placed in BAUs receive initial appraisal and sixty-day placement

8

reviews, but those appraisals do not include inmates' in-person participation).

Even if the plaintiffs did show that they were not afforded due process protections under LaChance or that conditions in the BAU were unlawful, the preliminary injunction was not tailored to remedy those issues. As the single justice noted, "If prisoners are being denied LaChance hearings, the proper remedy is to order the prison to provide them with LaChance hearings. If the conditions in a BAU are unlawful under G. L. c. 127, § 39 (b), the proper remedy is to order the prison to improve the conditions." It was an abuse of discretion for the judge to issue a release order when, even assuming that some violations occurred, any remedy should have been tailored to those specific violations. See Michaud v. Sheriff of Essex County, 390 Mass. 523, 535 (1983) (remedy for unconstitutional conditions not to order cells closed, but to allow sheriff "a definite and final period of time within which repairs bringing the jail up to the constitutional minimum shall be completed"). See also Richardson v. Sheriff of Middlesex County, 407 Mass. 455, 468 (1990) (population cap at jail was "narrowly tailored" remedy for overcrowded conditions).

Moreover, although the complaint and motion for preliminary injunction sought relief only for the three plaintiffs with respect to the BAU at MCI-Concord, the judge ordered the release

9

of "all inmates" held without a hearing for more than ninety days in the BAU or any other segregation unit. In those circumstances, the injunction was an abuse of discretion because it was overbroad. "The broad injunctive relief" issued by the Superior Court judge "is possible only if there is a class that may be certified." Foster v. Commissioner of Correction, 484 Mass. 698, 712 (2020), S.C., Foster II, 488 Mass. 643 (denying preliminary injunction where eleven inmates on behalf of themselves and all others similarly situated sought to enjoin DOC from housing any inmate near another). This suit is not a class action. Regardless of whether the judge's order was construed narrowly to require the release of all inmates placed in BAUs at MCI-Concord, or broadly to require the release of all inmates housed in all segregation units at all State correctional facilities, the plaintiffs' argument regarding themselves and "similarly situated prisoners" did not provide a basis for such a broad injunction.

We conclude that the plaintiffs did not show a likelihood of success on the merits. See Foster II, 488 Mass. at 653-654 (inmates did not show likelihood of success in proving that prison officials acted with deliberate indifference during COVID-19 pandemic).

2. Remaining factors for preliminary injunction. Because the preliminary injunction was not tailored to remedy the

conditions to which these three plaintiffs were subjected in the MCI-Concord BAU, the injunction did not satisfy any of the remaining factors set forth in Foster II, 488 Mass. at 650. The plaintiffs did not demonstrate that they faced a substantial risk of irreparable harm if other inmates were not immediately released from the BAUs and "any other unit that segregates inmates." Nor did the plaintiffs demonstrate that any risk they faced outweighed the harm to the defendants and the inmates in general population if inmates who were placed in BAUs because they present "an unacceptable risk to the safety, security, and orderly operations" of the prison were released into the general prison population without the defendants' having first been

ordered to hold a proper LaChance hearing.  103 DOC § 427.02.A (2023).

> Order dated February 6, 2024, allowing plaintiffs' motion for preliminary injunction, reversed.
>
> Order dated February 12, 2024, denying defendants' motion for stay and for reconsideration, reversed.
>
> By the Court (Grant, Brennan & Toone, JJ.[6]),

*Paul Little*

Clerk

Entered:  May 1, 2025.

---

[6] The panelists are listed in order of seniority.